IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DAYANA ESTEFANIA CAJAMARCA ALOMOTO, §§§§§ Petitioner, §§ v. § PAMELA BONDI et al., §§§§§ Respondents. § | CAUSE NO. EP-26-CV-142-KC |

## ORDER

On this day, the Court considered Dayana Estefania Cajamarca Alomoto's Petition for a Writ of Habeas Corpus, ECF No. 1. Cajamarca Alomoto is detained at the El Paso Processing Center in El Paso, Texas. *Id.* ¶ 1. She argues that her detention is unlawful and asks the Court to order her release or a bond hearing. *Id.* ¶¶ 38–71.

Cajamarca Alomoto entered the United States in 2023. *Id.* ¶ 31. At some point after her entry, Immigration and Customs Enforcement ("ICE") apprehended Cajamarca Alomoto and initiated removal proceedings. *Id.* ¶ 33. Subsequently, ICE released her. *Id.* ¶¶ 34–35. ICE detained Cajamarca Alomoto again on January 8, 2026, during a routine check-in. *Id.* ¶ 36. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Cajamarca Alomoto's] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025)." Show Cause Order 1. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Cajamarca Alomoto's case warrant a different outcome" by February 2, 2026. *Id.* at 2.

Respondents have now filed a Response, ECF No. 3.  Respondents concede "that prior rulings within this District concerning similar challenges to the government policy or practice at issue in this case, and the common question of law between this case and those rulings, would control the result in this case."  *Id.* at 1.  Respondents cite this Court's decision in *Tisighe v. De Anda-Ybarra et al.*, No. 3:25-cv-593-KC (W.D. Tex. Dec. 5, 2025), as well as six decisions issued by other judges in the Western District of Texas.  *See id.* at 2–3.  Instead of reprising the same legal arguments that this Court rejected in *Tisighe*,[1] Respondents "preserve[] all rights" and "incorporate by reference the legal arguments" they raised in *Tisighe* and other cases in this District.  *Id.* at 5.

As Respondents acknowledge that this case is materially indistinguishable from this Court's prior decisions, it follows that the same result is warranted here.  Thus, after careful consideration of the entire record,[2] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Cajamarca Alomoto 's Petition is **GRANTED IN PART** on procedural due process grounds.

The Court **ORDERS** that, <u>**on or before February 10, 2026**</u>, Respondents shall either: (1) provide Cajamarca Alomoto with a bond hearing before an IJ, at which the Government shall

---

[1] In *Tisighe* this Court rejected Respondents' boilerplate arguments for the same reasons it rejected those arguments in its previous immigration habeas decisions.  *See* Order, *Tisighe v. De Anda-Ybarra*, No. 3:25-cv-593, at *2 (W.D. Tex. Dec. 5, 2025), ECF No. 4 (citing *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *1–14 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 2025 WL 2691828, at *1–13).

[2] The relevant facts are undisputed, *see generally* Resp., and the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Cajamarca Alomoto's continued detention; or (2) release Cajamarca Alomoto from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, <u>**on or before February 10, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Cajamarca Alomoto has been released from custody. If Cajamarca Alomoto has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

<u>**There will be no extensions of the February 10, 2026, deadlines**</u>.

**SO ORDERED**.

**SIGNED** this 3rd day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE