IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DAYANA ESTEFANIA CAJAMARCA ALOMOTO, | § § § § § | |
| Petitioner, | § | |
| v. | § | CAUSE NO. EP-26-CV-142-KC |
| PAMELA BONDI et al., | § § § | |
| Respondents. | § § | |

## ORDER

On this day, the Court considered Dayana Estefania Cajamarca Alomoto's Motion to Enforce Habeas Judgment ("Motion"), ECF No. 6. On February 3, 2026, the Court granted in part Cajamarca Alomoto's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide her with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, her continued detention; or (2) release her from custody, under reasonable conditions of supervision, by no later than February 10, 2026. Feb. 3, 2026, Order 2–3, ECF No. 4.

On February 10, both parties informed the Court that the IJ denied bond for lack of jurisdiction due to the intervening Fifth Circuit decision in *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Mot. 2; Status Report, ECF No. 5. It appears that no evidence or argument was heard on Cajamarca Alomoto's flight risk or dangerousness. *See* Mot. 2 ("[T]he [IJ] declined jurisdiction and denied the matter before any individualized determination occurred."); *see generally* Status Report; Resp. & Req. Reconsideration or Stay ("Resp."), ECF No. 8. Cajamarca Alomoto argues that Respondents have not complied with the

Court's Order because they neither provided her with a bond hearing nor released her from custody. *Id.* at 2–3. In response, Respondents do not contest this point, apparently conceding that they have failed to follow the instructions in the February 3 Order. *See generally* Resp. Instead, Respondents "ask the Court to reconsider its ruling" and vacate that Order in light of *Buenrostro-Mendez*. Resp. 1, 3. Respondents argue that "[t]he *Buenrostro* decision is binding precent and requires denial of the habeas petition." *Id.* at 1.

The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Cajamarca Alomoto's position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to Cajamarca Alomoto's statutory claim. However, this Court granted Cajamarca Alomoto's Petition in part "on procedural due process grounds." Feb. 3, 2026, Order 2.

The *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10. And the case was remanded to the district court, not for dismissal, but "for further proceedings consistent with this opinion." *Id.* at *10. Presumably, those further proceedings will entail consideration of Buenrostro-Mendez's due process claim, which the district court declined to reach in the first instance.[1] *Buenrostro-Mendez v. Bondi*, No. 25-cv-3726, 2025 WL 2886346, at *3 n.4 (S.D. Tex. Oct. 7, 2025). Indeed, the Government's counsel stated it bluntly during oral argument: "We have one issue before the Court now: the statutory question. . . . There's not, in other words, a due process claim here." Oral Argument,

---

[1] *Buenrostro-Mendez* was consolidated with another case on appeal. *Buenrostro-Mendez*, 2026 WL 323330, at *3. In that case, too, the district court declined to reach the due process claim, granting the petition solely on statutory grounds. *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *5 n.3 (S.D. Tex. Oct. 8, 2025).

*Buenrostro-Mendez v. Bondi¸* No. 25-20496, at 44:56–45:11 (5th Cir. Feb. 3, 2026), *available at* https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

As this Court has previously stated, "*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process." *Marceau v. Noem*, No. 3:26-cv-237-KC, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026). At least one other district court in the Fifth Circuit has held the same, granting an immigration detainee's habeas claim days after the decision in *Buenrostro-Mendez*. *See* Order, *Hassen v. Noem*, No. 3:26-cv-48-DB, at *4 n.1 (W.D. Tex. Feb. 9, 2026), ECF No. 8 ("*Buenrostro-Mendez* does not change this case's outcome on procedural due process grounds.").

Respondents, however, argue that Cajamarca Alomoto's due process claims "should likewise be denied." Resp. 9. This is so, Respondents argue, because "the Fifth Circuit found that *Zadvydas v. Davis* did not apply to detained aliens who received due process through removal proceedings." *Id.* (citing *Buenrostro-Mendez*, 2026 WL 323330, at *9). In support of this argument, Respondents also cite to several non-controlling district court decisions, in which due process claims were dismissed prior to *Buenrostro-Mendez*. *See id.* at 9–10 (collecting cases).

Respondents' argument relies on the following language in the penultimate paragraph of the *Buenrostro-Mendez* decision: "The petitioners' fears about potential abuse of detention pending removal proceedings under Section 1225b2A are wholly speculative. In any event, *Zadvydas v. Davis*, 533 U.S. 678, 678 (2001), has no direct application to aliens who are detained and being given due process during removal proceedings." *Buenrostro-Mendez*, 2026 WL 323330, at *9 (citation omitted).

3

In *Zadvydas*, the Supreme Court considered a challenge to the statute that permits the Government to detain aliens who are subject to final orders of removal. *Zadvydas*, 533 U.S. at 682. The Court held that such detention becomes unlawful once removal is no longer reasonably foreseeable because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Id.* at 699. *Zadvydas*, by its very terms, squarely applies to post-removal-period detention. *See id.* But it "has no direct application" to people who are detained pending removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *9. And the constitutional concerns of indefinite detention raised in the post-final-removal-order context are not equally present when removal proceedings remain pending and will eventually conclude. *See Zadvydas*, 533 U.S. at 697. The Fifth Circuit's reiteration of *Zadvydas*' general inapplicability to pre-final-removal-order-detention is not a ruling on the viability of any and all due process challenges to that detention. And this aside does not change the fact that the Fifth Circuit only decided the statutory question and did not adjudicate the petitioners' due process claims.

Moreover, this Court's many immigration habeas decisions finding due process violations have been based on the *Mathews v. Edlridge* test and principles of procedural due process, not on *Zadvydas*. *See, e.g.*, *Martinez*, 2025 WL 2965859, at *3–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 685-87 (W.D. Tex. 2025). Thus, *Buenrostro-Mendez* does not preclude Cajamarca Alomoto's procedural due process claim or undermine this Court's prior Order granting her Petition on that claim.

Respondents have been afforded "a final opportunity" to provide Cajamarca Alomoto with "the process to which [she] is entitled under the Constitution." *Lala Barros v. Noem*, No.

4

3:25-cv-488-KC, 2025 WL 3154059, at *5 n.1 (W.D. Tex. Nov. 10, 2025).  They did not do so. Mot. 2; Status Report.  Thus, Respondents were required to release Cajamarca Alomoto from custody no later than February 10, 2026.  They did not do that either and are therefore in violation of the Court's Order.  Given the intervening decision from the Fifth Circuit and Respondents' good faith, though unpersuasive, arguments for extending that decision to this context, the Court declines to hold Respondents in contempt or levy sanctions at this time.

    Accordingly, Cajamarca Alomoto's Motion, ECF No. 6, is **GRANTED**.

    **IT IS FURTHER ORDERED** that Respondents' request for reconsideration is **DENIED**.

    **IT IS FURTHER ORDERED** that Respondents shall **RELEASE** Cajamarca Alomoto from custody, under reasonable conditions of supervision, **<u>immediately, and in no event any later than February 13, 2026</u>**.

    **IT IS FURTHER ORDERED** that, **<u>on or before February 13, 2026</u>**, Respondents shall **FILE** notice informing the Court whether Cajamarca Alomoto has been released from custody.

    **<u>There will be no extensions of the February 13, 2026, deadlines</u>**.

    **SO ORDERED**.

    **SIGNED** this 12th day of February, 2026.

*[signature: Kathleen Cardone]*

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE